# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BASATNE INTERNATIONAL, LLC | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-3142-S |
| INQ STAR CORP., QADER IBRAHIM, GHULAM M. DURRANI, and PROZONE LOGISTICS, INC. | § § § § | |

### MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant INQ Star Corp.'s Motion to Set Aside the Clerk's Entry of Default ("Motion") [ECF No. 8]. Having reviewed and considered the Motion, Plaintiff Basatne International, LLC's Brief in Opposition to Defendant INQ Star Corp.'s Motion to Set Aside the Clerk's Entry of Default [ECF No. 11], and Defendant INQ Star Corp.'s Reply to Response to Motion to Set Aside the Clerk's Entry of Default ("Reply") [ECF No. 12], the Court **GRANTS** the Motion.

### I.  BACKGROUND

On December 16, 2021, Plaintiff Basatne International, LLC filed suit against INQ Star Corp. ("INQ Star"), Qader Ibrahim ("Ibrahim"), Prozone Logistics, Inc., and Ghulam M. Durrani. *See* Pl.'s Compl. [ECF No. 1]. Plaintiff then sent a Notice of Lawsuit and Request for Waiver of Service of Summons to INQ Star's registered agent via certified mail, which was received on December 20, 2021. Mot. 2; Declaration of Qader Ibrahim ("Ibrahim Declaration") [ECF No. 8-1], ¶ 4, Ex. 1. Four days later, Plaintiff served INQ Star's registered agent with summons via process server. *Id.* ¶ 5, Ex. 2. On January 5, 2022, Plaintiff sent a *second* Notice of Lawsuit and Request for Waiver of Service of Summons, which was received by INQ Star's registered agent on January 11, 2022. *Id.* ¶ 6, Ex. 3.

According to INQ Star's Motion, its owner and CEO—Defendant Ibrahim, a Canadian citizen and resident of the United Arab Emirates—was confused as to which of the three packets of documents controlled. Mot. 3; Ibrahim Decl. ¶ 8. Operating under the belief that INQ Star's answer deadline was January 28, 2022, INQ Star engaged counsel on January 24, 2022. Mot. 3; Ibrahim Decl. ¶ 9. By that time, however, the Clerk had already entered default by Plaintiff's request on January 19, 2022. *See* ECF Nos. 6 & 7. INQ Star filed the instant Motion on January 25, 2022, which is now fully briefed before the Court. *See* ECF No. 10 (setting expedited briefing schedule).

## II. LEGAL STANDARD

A court may set aside an entry of a default for good cause shown. FED. R. CIV. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000) (citation omitted). In determining whether good cause exists to set aside a default, courts consider "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citing *Lacy*, 227 F.3d at 292). Courts may also consider other factors, such as whether the defaulting party "acted expeditiously to cure the default." *Lacy*, 227 F.3d at 292 (citation omitted).

Default judgments are generally disfavored, and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Id.* (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has "adopted a policy in favor of resolving cases on the merits and against the use of default judgments." *Rogers v. Hartford Life & Accident Ins.*, 167 F.3d 933, 936 (5th Cir. 1999) (citation omitted); *see also Sun Bank of Ocala v. Pelican Homestead*

& *Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (holding default judgments are a "drastic remedy" and only available "in extreme situations" where "the adversary process has been halted because of an essentially unresponsive party" (internal citations and quotation marks omitted)).

### III. ANALYSIS

#### A. *Willfulness*

INQ Star's Motion and evidence submitted in support thereof demonstrate that its failure to file an answer or otherwise respond timely was the result of the reasonable but mistaken belief concerning calculation of its answer deadline from the date of service. *See generally* Ibrahim Decl., Exs. 1-3. Plaintiff does not dispute any of the factual statements in the Motion or rebut the evidence that INQ Star's default was at least partially caused by Ibrahim's confusion regarding the controlling service date. The Court finds that under these circumstances, INQ Star's failure to respond was not willful, and at most the result of excusable neglect. Accordingly, denial of the Motion is inappropriate on this basis.

#### B. *Prejudice*

To establish prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (citations omitted); *see also Hibernia Nat'l Bank v. Administration Cent, Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985) (concluding that prejudice to the plaintiff must involve more than the mere possibility of delay inherent in every case). No prejudice exists to the plaintiff "where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (citation omitted). Here, the case is still in the nascent stages of litigation, and the only "prejudice" suffered by Plaintiff is of the type "borne by every non-defaulting party when a default is set aside." *Konnectcorp Int'l, Inc. v. Suntharalingam*, No. 3:13-CV-03656-P, 2014 WL 11515583, at *2 (N.D. Tex. May 12,

2014) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000)). Such prejudice is insufficient to justify denial of the Motion.

### C.  *Meritorious Defense*

In determining whether a meritorious defense exists, courts consider whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008)). "A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which proven at trial, would constitute a complete defense." *Joe Hand Promotions, Inc. v. Thibodeaux's Authentic Cajun Cookin LLC*, No. 3:19-CV-1633-S, 2019 WL 5790112, at *2 (N.D. Tex. Nov. 5, 2019) (citations omitted). Here, INQ Star alleges that Plaintiff sold it worthless digital gift cards in breach of the parties' contract, and states its intent to assert counterclaims and affirmative defenses based on the alleged fraud and breach of contract. Mot. 5-6; Reply 4. Considering these allegations under the "lenient standard" applied at this juncture, the Court finds that INQ Star has presented sufficient meritorious defenses to weigh in favor of setting aside the entry of default. *Thibodeaux's*, 2019 WL 5790112 at *2.

### D.  *Expeditiousness*

Finally, INQ Star filed its Motion on January 25, 2022—merely six days after the Clerk entered default and only one day after retaining counsel. *See* ECF No. 7. The Court finds that INQ Star acted expeditiously to correct the default. *See Thibodeaux's*, 2019 WL 5790112 at *2 (finding defendants acted expeditiously by filing motion 34 days after default entered).

## IV.    CONCLUSION

For the reasons discussed above, the Court finds good cause to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c) and **GRANTS** the Motion. The Court further orders INQ Star to answer or otherwise respond to Plaintiff's Complaint by **March 4, 2022**.

**SO ORDERED.**

SIGNED February 11, 2022.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**